# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FILED

FEB 17 2011

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

JOE THOMAS BELL,)
)
Plaintiff,)
)
v.) No. CIV 09-502-RAW-SPS
)
JUSTIN JONES,)
)
Defendants.)

## OPINION AND ORDER

This action is before the court on the defendant's motion to dismiss or for summary judgment and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint, the defendant's motion, plaintiff's response, and a special report prepared at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC), brings this action under the authority of 42 U.S.C. § 1983, seeking injunctive relief for alleged constitutional violations during his incarceration. The defendant is DOC Director Justin Jones.[1]

Plaintiff alleges that all male DOC prisoners are in imminent danger of bodily injury. He claims the defendant has placed all medium and maximum security prisons on permanent

---

[1] To the extent the defendant is sued in his official capacity as a DOC official, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

lockdown, because of the possibility of outbreaks of violence between the races. Plaintiff also asserts the Oklahoma facilities are overcrowded, and convicted inmates are being housed in county jails, because there is no space available at Lexington Assessment and Reception Center. The inmates in county jails allegedly are denied access to law libraries and other privileges granted to DOC inmates. He seeks the following relief:

> The petitioner seek [sic] a (3) three judge panel to issue an order to Director Justin Jones to no longer hold Oklahoma prisoners under the current overcrowed [sic] conditions, but begin upon order, realease [sic] make an [sic] female prisoners who has [sic] served 10 years or 20% of thier [sic] longest sentence, with the exceptions who don't qualify, sex offenders and anyone convicted of a crime involving a child, and release shall be by a <u>mandatory temporary injunction</u>, an [sic] the release shall continue until (9000) inmates are released.

(Docket #1 at 4) (emphasis in original).

Defendant Justin Jones has filed a motion to dismiss or for summary judgment, alleging among other things that plaintiff has failed to show Jones' personal participation in the alleged constitutional violations. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passaic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Further, "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff is complaining of overcrowded conditions in Oklahoma prisons, but he admits in his complaint that Defendant Jones "is only required to house the convicted felon an[d] not relieve prison overcrowding" [Docket #1 at 4]. The court, therefore, finds plaintiff has not shown that Defendant Jones personally participated in the unconstitutional conditions alleged in the complaint.

Defendant Jones further alleges plaintiff's claims should be dismissed, because the

2

relief sought is not cognizable under 42 U.S.C. § 1983. Plaintiff is seeking relief in the form of the release of certain inmates who have served a certain portion of their sentences. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). *See also Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005).

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous. All other pending motions are DENIED AS MOOT.

**IT IS SO ORDERED** this  17th  day of February 2011.

*Ronald A. White*
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**